IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDY TORRES,<br><br>        Plaintiff,<br><br>v.<br><br>CLEANNET U.S.A., INC.,<br><br>MKH SERVICES, INC. d/b/a CLEANNET OF PHILADELPHIA, and<br><br>CLEANNET SYSTEMS OF PITTSBURGH, INC.<br><br>        Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT CLEANNET U.S.A., INC.** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Defendant CleanNet U.S.A., Inc. ("CleanNet USA"), by its attorneys, hereby removes this action from the Philadelphia County Court of Common Pleas, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453, because (1) it is a class action in which the putative class exceeds 100 members, (2) there is diversity of citizenship between at least one plaintiff and one defendant, (3) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (4) while greater than 2/3 of the members of the putative class are citizens of Pennsylvania, neither the local controversy nor the home state exceptions under Section 1332(d)(4)(A)-(B) apply because CleanNet USA is a primary defendant and non-citizen of Pennsylvania and other class actions have been filed against

CleanNet USA asserting the same or similar factual allegations in the past three years. Removal of this action to the United States District Court for the Eastern District of Pennsylvania is proper under 28 U.S.C. §1441(a) because this Court embraces the courts of the Commonwealth of Pennsylvania, including the court in which this action is now pending. CleanNet USA has also satisfied all procedural requirements for removal under 28 U.S.C. §1446. CleanNet USA states the following as grounds for removal:

## I.   PROCEDURAL HISTORY.

1. On April 10, 2014, Plaintiff Eddy Torres, a Pennsylvania resident, commenced an action in the Philadelphia County Court of Common Pleas, Commonwealth of Pennsylvania, Case No. 140400901 against CleanNet U.S.A., Inc., MKH Services, Inc. d/b/a CleanNet of Philadelphia, and CleanNet Systems of Pittsburgh, Inc.

2. Defendant CleanNet USA was incorporated as a Maryland corporation during 1987, and reorganized as a Virginia corporation during February 2012. It maintains its principal place of business in McLean, Virginia.

3. Defendant MKH Services, Inc. d/b/a CleanNet of Philadelphia is incorporated in Pennsylvania with a principal place of business in King of Prussia, Montgomery County, Pennsylvania.

4. CleanNet Systems of Pennsylvania, Inc. (sued herein erroneously as CleanNet Systems of Pittsburgh, Inc.) is incorporated in Pennsylvania and has its principal place of business in Maryland.

5. Plaintiff claims that he and other franchisees were improperly classified by CleanNet USA as independent contractors instead of employees and, as a result, were deprived of the protections of Pennsylvania wage laws and other benefits. Plaintiff further claims that the

CleanNet franchise agreement is misleading and amounts to an unfair trade practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-2(4)(v), (vii), (xiv), and/or (xxi).

6. Plaintiff served the Complaint on CleanNet USA by certified mail under cover of a letter dated April 16, 2014.

## II. THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT.

7. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. §1332(d), because (1) it is a class action with a putative class consisting of at least 100 proposed class members, (2) there is diversity between at least one plaintiff and one defendant, and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, and (4) while greater than 2/3 of the members of the putative class are citizens of Pennsylvania, neither the local controversy nor the home state exceptions under Section 1332(d)(4)(A)-(B) apply because CleanNet USA is a primary defendant and non-citizen of Pennsylvania and other class actions have been filed against CleanNet USA asserting the same or similar factual allegations in the past three years.

### A. The Putative Class Consists Of At Least 100 Class Members.

8. To satisfy the requirements for removal under CAFA, the number of class members in the putative class must exceed 100. 28 U.S.C. §1332(d)(5)(B). Plaintiff purports to bring this action pursuant to Rule 23 of the Pennsylvania Rules of Civil Procedure on behalf of himself and all others similarly situated. Plaintiff alleges that the proposed class includes himself and "[a]ll persons who performed cleaning services for Defendants in Pennsylvania at any time from April 11, 2011 to the present." (Complaint, ¶70). Plaintiff further alleges that the class members are so numerous that joinder would be impracticable, as [d]uring the relevant

period, Defendants employed more than 300 people to perform cleaning services in Pennsylvania, including or through at least 370 franchisees misclassified as independent contractors instead of employees – like Plaintiff – in 2011 alone." (Complaint, ¶73).

9. As of April 11, 2011, Defendant MKH had 127 active franchises, and between April 11, 2011 and April 30, 2014, an additional 70 franchisees entered into franchise agreements with MKH, for a total of **197** franchisees during the class period. (Cho Declaration, ¶¶2-3). Each of these franchisees meets the criteria for putative class membership based on the allegations in the Complaint.

10. As of April 30, 2014, CleanNet Systems of Pennsylvania, Inc. ("CSPA") (sued herein erroneously as CleanNet Systems of Pittsburgh, Inc., which has not been active for 20 years) had **68** active franchisees, of which 22 franchisees had entered into franchise agreements with CSPA between April 11, 2011 and April 30, 2014. (Salek Decl.,¶¶1-2). Each of these franchisees meets the criteria for putative class membership based on the allegations in the Complaint. (Salek Decl.,¶2).

11. Accordingly, the putative class consists of at least **265** putative class members, well in excess of CAFA's requirement that the class exceed 100 members. 28 U.S.C. §1332(d)(5)(B).

**B. CAFA's Diversity of Citizenship Requirement Is Satisfied.**

12. Removal of an action is proper under CAFA where there is diversity of citizenship between at least one plaintiff and one defendant. 28 U.S.C. § 1332 (d)(2)(A).

13. Plaintiff alleges that he is a resident of Philadelphia, Pennsylvania. (Complaint, ¶7). Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of Pennsylvania.

14. A corporation is deemed a citizen of the state in which it is incorporated and of

the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(l). CleanNet USA is a Virginia corporation with a principal place of business in McLean, Virginia. (Complaint, ¶19 & Ex. 1 at 1). Accordingly, for purposes of this Notice of Removal, CleanNet USA is a citizen of Virginia.

15. Thus, because Plaintiff is a citizen of Pennsylvania and CleanNet USA is a citizen of Virginia, CAFA's diversity of citizenship requirement is satisfied. 28 U.S.C. §1332(d)(2)(A).

### C. CAFA's Amount in Controversy Requirement is Satisfied.

16. To be removed under CAFA, the amount in controversy must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds $5 million. 28 U.S.C. §1332(d)(6). The amount in controversy requirement is satisfied where a defendant shows a "reasonable probability" that if proved, the aggregate claims will exceed $5 million. *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007).

17. Plaintiff alleges that the proposed class includes himself and "[a]ll persons who performed cleaning services for Defendants in Pennsylvania at any time from April 11, 2011 to the present." (Complaint, ¶70).

18. Among the damages Plaintiff seeks to recover for himself and on behalf of the class are statutory treble damages for claims arising out of CleanNet USA's alleged unfair and deceptive business practices in violation of the Pennsylvania Unfair Trade Practices Act, 73 P.S. §201-2(2). (Complaint, ¶¶ 129-136). Plaintiff alleges, in part, that CleanNet USA engaged in unfair and deceptive practices by improperly inducing class members to purchase cleaning franchises (Complaint, ¶¶ 55-59, 129-136), and by improperly requiring class members to purchase general liability and workers' compensation insurance for the benefit and profit of

CleanNet USA. (Complaint, ¶¶ 60, 116). Plaintiff seeks for himself and on behalf of the proposed class, recovery of the amounts paid, **plus trebling of actual damages,** counsel fees, expenses and costs, as well as any and all such other items of damage and equitable relief available. (Complaint, ¶¶94, 122(e), 126-128, 136).

19. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected $417,220.00 and CSPA collected $126,575.00 from putative class members as initial franchise fee payments or down payments toward the purchase of a franchise, for a total of **$543,795.00.** (Cho Decl., ¶4; Salek Decl., ¶3).

20. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected from putative class members $211,253.00 and CSPA collected $133,866.00 as payments on promissory notes executed in connection with the financed portion of the purchase of a franchise, for a total of **$345,119.00**. (Cho Decl., ¶5; Salek Decl., ¶4).

21. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected $798,344.00 and CSPA collected $724,754.00 from putative class members as fees for participation in MKH's insurance program in connection with services at commercial cleaning accounts assigned to the franchisees by MKH, for a total of **$1,523,098.00** (Cho Decl., ¶6; Salek Decl., ¶ 5).

22. The total amount collected by MKH for initial franchisee fees, down payments, note payments, and insurance program participation for the period April 11, 2011 to April 2014 is **$2,412,012.00**. Trebling this amount totals **$7,236,036.00.**

23. These numbers alone, which are only a portion of the damages Plaintiff and the putative class members seek, easily exceed the $5 million threshold.

24. Thus, while CleanNet USA denies each of Plaintiff's allegations and denies that

6

Plaintiff or the class he purports to represent are entitled to any monetary recovery, the amount in controversy, taken in the aggregate, exceeds the CAFA amount in controversy requirements of 28 U.S.C. §§ 1332(d)(2) and (6).

### D. The Home State Exception Does Not Apply.

25. CAFA provides that a district court shall decline to exercise jurisdiction over a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B).

26. As Plaintiff seeks to certify a class of franchisees in Pennsylvania, two-thirds or more of the members of the proposed class are citizens of Pennsylvania, where this action was originally filed. As discussed above, CleanNet USA is a citizen of Virginia.

27. A defendant is a "primary defendant" under CAFA if it is the "real target" of plaintiff's accusations, if it would be directly liable for the claims alleged, and if it has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable. *Vodenichar v. Halcon Energy Partners, Inc.*, 733 F.3d 497, 505-06 (3d Cir. 2013). As explained in *Vodenichar*, by using the word "the" before the words "primary defendants" rather than the word "a," the statute requires remand under the home state exception only if all primary defendants are citizens of Pennsylvania. 733 F.3d at 506.

28. Here, CleanNet USA is the "real target" of the claims alleged in the Complaint, which attacks CleanNet USA's entire franchise organization in Pennsylvania by claiming that it was designed to service its clients while circumventing its obligations as an employer in Pennsylvania. (Complaint, ¶¶1-4, 19-25). Plaintiff claims that CleanNet USA and its sub-franchisors operate as joint employers and that the sub-franchisors are uniformly controlled by

CleanNet USA, and "serve as CleanNet's agents in directing the activities complained of herein regionally." (Complaint, ¶¶3, 20).

29. It is also clear that CleanNet USA would be directly liable on the claims alleged by Plaintiff because each count of the Complaint is alleged against CleanNet directly, and not vicariously. (Complaint, ¶¶79-140).

30. Further, given that the Complaint alleges that CleanNet USA directed the activities complained of in the complaint through its sub-franchisors, CleanNet USA's potential liability on the claims alleged is significant as compared to that of its sub-franchisors, because it is alleged to have directed activities throughout Pennsylvania as compared to the sub-franchisors who operate regionally.

31. Accordingly, CleanNet USA is a primary defendant. *Vodenichar*, 733 F.3d at 506 (holding that Halcon was a primary defendant because the plaintiffs had alleged that each of the defendants were directly liable, apportioned liability equally among them, sought similar relief from all defendants, and Halcon would sustain a substantial loss as compared to the other defendants given the allegations in the complaint).

32. Because CleanNet USA is a primary defendant, and a citizen of another state, the home state exception does not apply to defeat removal here.

    **E.    The Local Controversy Exception Does Not Apply.**

33. The local controversy exception to CAFA jurisdiction set forth in Section 1332(d)(4)(A) provides that a district court shall decline to exercise jurisdiction:

(i) over a class action in which –

>  (I) greater than two-thirds of the members of all proposed plaintiff
> classes in the aggregate are citizens of the State in which the action
> was originally filed;

8

>> (II) at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and
>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. §1332(d)(4)(A).

34. The local controversy exception does not defeat removal here because other class actions have been filed against CleanNet USA asserting the same or similar factual allegations in the three years preceding the filing of the complaint in this matter under Section 1332(d)(4)(A)(ii).

35. The instant class action was filed in Philadelphia County Court of Common Pleas on April 10, 2014.

36. Within 3 years prior to April 10, 2014 -- on March 26, 2014 -- a similar class action was filed against CleanNet, captioned *Jose Sanchez on behalf of himself and all other persons similarly situated v. CleanNet USA, Inc. and CleanNet of Illinois, Inc.* in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 1:14-cv-02143. (**Exhibit A** hereto).[1] Sanchez alleges that he and others similarly situated were

---

[1] Two other class actions making similar allegations that franchisees were misclassified as independent contractors, and alleging various wage and hour and unfair and deceptive practices claims have been filed against CleanNet – one filed slightly outside the three-year period and one filed one week after the instant action was filed. *Sola v. CleanNet of New England, Inc., et al.* (filed on March 31, 2011 in Suffolk County, Massachusetts Superior Court Case No. 2011-1267-BLS) and removed to the United States District Court for the District of Massachusetts, Case No. 1:12-cv-10580-JLT); *Estrada v. CleanNet USA, Inc. et al.*(filed on April 18, 2014 in the United

9

improperly classified as independent contractors under CleanNet USA's franchise business model, and were deprived of the minimum wage, overtime and other benefits of employment in violation of the Illinois wage and hour statutes including 820 ILCS 105/1 *et seq.* and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Sanchez further claims that CleanNet made misrepresentations and engaged in unfair and deceptive trade practices in soliciting franchisees.

37. The *Sanchez* case makes the same or similar factual allegations as the instant case, including but not limited to:

   a. CleanNet's franchise organization improperly classifies franchisees and independent contractors to avoid the statutory obligations imposed on employers, depriving franchisees of minimum wage and overtime (Sanchez Complaint, ¶¶1-2, 47-53, 59-94; Torres Complaint, ¶¶1-4,);

   b. The fees and insurance premiums charged to franchisees amount to unlawful deductions from wages (Sanchez Complaint, ¶¶3, 5, 38, 41, 45, 95-101; Torres Complaint, ¶¶10, 41-47);

   c. Franchisees were misled into entering into franchise agreements including by virtue of the fact that English was not their first language (Sanchez Complaint, ¶¶25-28; Torres Complaint, ¶55);

   d. CleanNet should be considered Plaintiff's employer because it controlled every aspect of the franchisees' business, including the customer accounts assigned, the prices charged, cleaning schedules, and the methods, materials and equipment

---

States District Court for the Northern District of California, Case No. 3:14-cv-01785-EDL, with a Private Attorney General Act letter served thereafter, outlining wage and hour claims under the California Labor Code).

used (Sanchez Complaint, ¶¶17-24; Torres Complaint, ¶¶16-17, 29-37, 47-63); and

e. CleanNet represented to franchisees that they would receive a guaranteed customer base but there were hidden contingencies in the franchise agreement that resulted in their being assigned fewer customers than promised, getting them for a short time, being assigned customers needing service at infeasible times or locations, getting customers that were too large to be serviced or too small to be serviced profitably (Sanchez Complaint, ¶¶32-37; Torres Complaint, ¶¶11-15, 38-40).

f. CleanNet failed to give advance notice or the opportunity to cure prior to removing cleaning accounts. (Sanchez Complaint, ¶¶43-44; Torres Complaint, ¶¶64-66).

38. Accordingly, because the *Sanchez* case was filed within three years prior to the instant case and makes the same or similar factual allegations, the local controversy exception does not defeat removal here. *Vodenichar v. Halcon Energy Partners, Inc.*, 733 F.3d 497, 508-09 (3d Cir. 2013) (noting that the "inquiry is whether similar factual allegations have been made against the defendant in multiple class actions"—and hence they are facing separate, distinct lawsuits—without regard to the procedural posture of the earlier filed cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories.") (quoting S.Rep. No. 109–14, at 41, 2005 U.S.C.C.A.N. at 39).

**F.    Procedural Compliance**

39.    This Notice of Removal is timely under 28 U.S.C. §§1446(b) and 1453(b)

because it has been filed on May 16, 2014, within 30 days after CleanNet USA's receipt of the Complaint in this matter, which was served by certified mail under cover of a letter dated April 16, 2014, and thus could not have been received any earlier than the following day, April 17, 2014.

40. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a true and correct copy of all of the process, pleadings and orders served upon CleanNet USA in this action. Attached hereto as **Exhibit C** is a copy of the docket from the state court action.

41. Pursuant to 28 U.S.C. 1446(d) CleanNet USA will promptly provide written notice of the removal of this action to Plaintiff, through his attorney of record, and to the Philadelphia Court of Common Pleas, Commonwealth of Pennsylvania.

42. Pursuant to 28 U.S.C. § 1447, CleanNet USA shall request from the Clerk of the Philadelphia Court of Common Pleas certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court and shall file the same promptly.

43. By filing this Notice of Removal, CleanNet USA does not waive any defense that may be available to it and does not concede that the allegations in the Complaint state any valid claims.

WHEREFORE, the defendant, CleanNet USA, Inc., prays that the action now pending in the Philadelphia Court of Common Pleas, Commonwealth of Pennsylvania, be removed to this Court.

Dated: May 16, 2014

/s/ *signature*

Martha J. Keon (PA #207237)
William J. Simmons (PA #206860)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

Attorneys for Defendant
CLEANNET U.S.A., INC.

Firmwide:127018591.2 999999.1749

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDY TORRES, | Case No. _____ |
| Plaintiff, | |
| v. | **DECLARATION OF MATT CHO IN SUPPORT OF REMOVAL** |
| CLEANNET U.S.A., INC., | |
| MKH SERVICES, INC. d/b/a CLEANNET OF PHILADELPHIA, and | |
| CLEANNET SYSTEMS OF PITTSBURGH, INC. | |
| Defendants. | |

I, MATT CHO, state and declare as follows:

1. I am the President of Defendant MKH Services, Inc. and have held this position since April 2001. As such, I have personal knowledge of the facts contained in this declaration and, if called upon to testify, I could and would testify competently to such facts.

2. As of April 11, 2011, Defendant MKH had 127 active franchisees.

3. Between April 11, 2011 and April 30, 2014, an additional 70 franchisees entered into franchise agreements with MKH, for a total of 197 franchisees.

4. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected a total of $417,220 from putative class members as initial franchise fee payments or down payments toward the purchase of a franchise.

5. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected from putative class members a total of $211,253.00 as payments on promissory notes executed in

connection with the financed portion of the purchase of a franchise.

6. During the period April 11, 2011 to April 30, 2014, Defendant MKH collected a total of $ 798,344.00 from putative class members as fees for participation in MKH's insurance program in connection with services at commercial cleaning accounts assigned to the franchisees by MKH.

7. The total amount collected by MKH for initial franchisee fees, down payments, note payments, and insurance program participation for the period April 11, 2011 to April 2014 is $1,426,817.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 16, 2014

_____
Matt Cho

Firmwide:127018619.1 999999.1749

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDY TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>CLEANNET U.S.A., INC.,<br><br>MKH SERVICES, INC. d/b/a CLEANNET OF PHILADELPHIA, and<br><br>CLEANNET SYSTEMS OF PITTSBURGH, INC.<br><br>    Defendants. | Case No. _____<br><br>**DECLARATION OF KELLY SANDISH IN SUPPORT OF REMOVAL** |

I, KELLY SANDISH, state and declare as follows:

1. I am the Office Manager of Defendant CleanNet U.S.A., Inc. As Office Manager of CleanNet USA, Inc., I have duties with respect to CleanNet Systems of Pennsylvania, Inc. ("CSPA"), and I have knowledge of and access to accounting information for CSPA. As such, I have personal knowledge of the facts contained in this declaration and, if called upon to testify, I could and would testify competently to such facts.

2. As of April 30, 2014, CSPA had 68 active franchisees, of which 22 franchisees had entered into franchise agreements with CSPA between April 11, 2011 and April 30, 2014. Each of these franchisees meets the criteria for putative class membership based on the allegations in the Complaint.

3. During the period April 11, 2011 to April 30, 2014, Defendant CSPA collected a total of $126,575.00 from putative class members as initial franchise fee payments or down

payments toward the purchase of a franchise.

4. During the period April 11, 2011 to April 30, 2014, Defendant CSPA collected from putative class members a total of $133,866 as payments against principal due on promissory notes executed in connection with the financed portion of the purchase of a franchise.

5. During the period April 11, 2011 to April 30, 2014, Defendant CSPA collected a total of $724,754.00 from putative class members as fees for participation in CSPA's insurance program in connection with services at commercial cleaning accounts assigned to the franchisees by CSPA.

6. The total amount collected by CSPA for initial franchisee fees, down payments, note payments, and insurance program participation for the period April 11, 2011 to April 2014 is $985,195.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 16, 2014

*Kelly Sandish*
Kelly Sandish

Firmwide:127026156.1 999999.1749

## CERTIFICATE OF SERVICE

I, William J. Simmons, hereby certify that I caused to be served the foregoing Notice of Removal of Action, via first class mail (and electronic mail where noted) upon the following:

Attorneys for Plaintiff:

Simon B. Paris
Patrick Howard
Charles J. Kocher
Saltz Mongeluzzi Barrett & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
sparis@smbb.com
phoward@smbb.com
ckocher@smbb.com

David Garcia-Villarreal
Garcia & Associates, LLC
3 N. 2nd Street, 2nd Floor
Philadelphia, PA 19106
dgarcia.garciaassociates@verizon.net

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Attorney for MKH Services, Inc. d/b/a Clean Net of Philadelphia:

David Kraut, Esquire
Kraut Harris, P.C.
1767 Sentry Parkway West
VIST Financial Building
Suite 311
Blue Bell, PA 19422
dkraut@krautharris.com

Dated: May 16, 2014

William J. Simmons